861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Grant NORMAN, Plaintiff-Appellant,
v.
PEERLESS COAL CO., et al., Defendant-Appellee
 No. 87-4000.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1988.
 
 Before WELLFORD and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Norman appeals from a denial of benefits by the Benefits Review Board (BRB) reversing a decision of an ALJ, finding that the ALJ erred in invoking the interim presumption of disability due to pneumoconiosis (black lung) because Norman had not met his burden of showing the exertional requirements of his usual employment. Norman claims that the ALJ was correct in finding that the evidence was sufficient on which to base an invocation of the interim presumption. We reverse and remand because the ALJ invoked the interim presumption without benefit of the correct standard, as laid down by the Supreme Court in Mullins Coal Co., Inc. of Virginia, et al. v. Director, OWCP, --- U.S. ----, 108 S.Ct. 427 (1987).
 
 
 2
 * Norman is now 73 years old. He worked for over 30 years in coal mines. He held numerous positions, including operating a Joy machine, a battery motor machine, and a scoop. He worked for Peerless for his last 5 years and 4 months of employment.
 
 
 3
 On September 30, 1971, the mine was shut down, and Norman stopped working entirely. Six or seven months earlier, Norman had to stop doing the work that he had done for the previous three years, operating the battery motor machine, because his cough became so severe that he could no longer function in that capacity. He was transferred to a position on the beltline. He claims that his health had deteriorated because the area in which he had been working was very dusty, that he got tired easily and was short of breath, and that he often spit up blood.
 
 
 4
 Norman has been treated for these symptoms with antibiotics and aminophylline for shortness of breath. He has been receiving worker's compensation from the Commonwealth of Kentucky and draws a pension. Norman admits that he is a cigarette smoker, that he has smoked approximately one pack a day for most of his life, but claims that he does not inhale.
 
 
 5
 The record includes a number of x-ray interpretations, blood gas and pulmonary function studies, and medical opinions. Almost all of the x-ray interpretations determined that the x-rays were negative for black lung with the exception of an early reading by a less qualified reader. None of the pulmonary function studies would qualify Norman for the interim presumption, except for one study in which Norman's cooperation was less than maximal, possibly leading to inaccurate results. Dr. Odom, who examined Norman on November 1, 1972, opined that Norman is disabled for arduous work in a dusty environment, but did not comment on whether Norman's usual work would qualify as arduous. Dr. Varney, who examined Norman on November 17, 1972, diagnosed black lung, but made no comment on the severity of his condition. Dr. Gomez, who saw Norman on November 20, 1974, drew the same conclusions as Dr. Varney. Dr. O'Neill, a pulmonary disease specialist who examined Norman on December 12, 1978, concluded that there was no black lung and that Norman could continue to work in the mines. He diagnosed chronic bronchitis due to cigarette smoking.
 
 
 6
 The ALJ invoked the interim presumption based on all of the evidence taken together. He based his decision on all of the medical reports, especially Dr. Odom's.
 
 
 7
 The BRB reversed, finding that there was no evidence that Norman's job was "arduous" in Dr. Odom's terms, and thereby met exertional requirements beyond Norman's capacity. The Board reasoned that it is the claimant's burden to show that his job entails exertional requirements which exceed his physical capabilities, as determined by the medical evidence, and that Norman had not done so. Because the BRB found that the presumption could not be invoked, it found that further analysis was not necessary.
 
 II
 
 8
 On appeal, Norman argues that the ALJ was correct in holding that the interim presumption should be invoked because the evidence taken as a whole establishes the prerequisites for invoking the presumption.
 
 
 9
 A decision of an ALJ or of the BRB cannot be overturned unless it is not supported by substantial evidence. Warman v. Pittsburg and Midway Mining Co., et al., 839 F.2d 257, 258 (6th Cir.1988). "Substantial evidence is 'more than a mere scintilla;' substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197 (1938)).
 
 
 10
 The Board itself may reverse a decision of an ALJ only if it finds that it is not supported by substantial evidence. Gibas v. Saginaw Mining Co., et al., 748 F.2d 1112, 1116 (6th Cir.1984) (citing 20 CFR Sec. 802.301 (1984)). The "Board may not engage in a de novo review of an administrative law judge's determination." Ibid. This is important in a case such as this one where the Board reversed the decision of an ALJ and the case is then brought to this court.
 
 III
 
 11
 The ALJ based his decision to invoke the interim presumption on Stiner v. Bethlehem Mines Corp., et al., 3 BLR 1-487-492 (June 11, 1981), in which the Benefits Review Board held that a single medical opinion supporting a diagnosis of pneumoconiosis requires invocation of the presumption. However, more recently, the United States Supreme Court addressed this issue in Mullins Coal Co., Inc. of Virginia, et al. v. Director, OWCP, --- U.S. ----, 108 S.Ct. 427 (1987). There, the Supreme Court explained the workings of the "interim regulations" which govern claims for black lung benefits filed between July 1, 1973 and April 1, 1980. Id. at ----, 108 S.Ct. at 429. The rebuttable presumption of disability due to pneumoconiosis (black lung) applies if a claimant worked in coal mines for at least ten years and: (1) a chest x-ray establishes black lung; or (2) ventilatory studies show respiratory or pulmonary disease, not necessarily black lung, of a specific severity; or (3) blood gas studies show impairment; or (4) other medical evidence, including doctor reports and opinions, shows a totally disabling respiratory impairment. Id. at ----, 108 S.Ct. at 431. This presumption can be rebutted if "all relevant evidence" shows: (1) that the claimant is still working in the same capacity; or (2) the disability was not caused by the claimant's work in coal mining; or (3) the claimant does not have black lung. Id. at ----, 108 S.Ct. at 432.
 
 
 12
 Although a single piece of evidence may be sufficient basis for invocation of the presumption, it is not enough when that evidence is "overcome by more reliable conflicting evidence." Id. at ----, 108 S.Ct. at 438-39. In other words, even if there is a single piece of evidence which would indicate the presence of black lung, "if a miner is not actually suffering from the type of ailment with which Congress was concerned, there is no justification for presuming that the miner is entitled to benefits." Id. at ----, 108 S.Ct. at 439.
 
 
 13
 In a similar case in which the ALJ relied on pre-Mullins decisions which employed an analysis contrary to that prescribed in Mullins, we ruled that our previous practice of requiring invocation of the presumption when there existed a single piece of evidence supporting the claim for benefits "is a position that obviously we can no longer maintain." Riley v. National Mines Corp., No. 87-3605, slip op. at 5 (6th Cir. July 27, 1988). Similarly, the ALJ's reasoning in the instant case can no longer be approved. Thus, we remand this case to the ALJ for reconsideration under Mullins. Because this decision obviates the Board's grounds for reversal, we express no opinion on that decision.
 
 
 14
 REVERSED and REMANDED for reconsideration consistent with this opinion.